UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
EASTERN DIVISION
PIKEVILLE
CRIMINAL ACTION NO. 19-7-REW-EBA

UNITED STATES OF AMERICA                                              PLAINTIFF

v.      **DEFENDANT SERISSA L. COLLIER'S
RESPONSE TO THE UNITED STATES' MOTIONS IN LIMINE**

**SERISSA L. COLLIER, et. al.**                                       **DEFENDANT**
    **aka SERISSA L. STAMPER**

****** ****** ******

Comes the Defendant, Serissa L. Collier (AKA Serissa L. Stamper), by counsel, and for her response to the United States' Motions in Limine. The Defendant joins in the Response of Co-Defendant Scotty Akers and incorporates all arguments of that Response by reference herein.

Additionally, the Defendant states as follows:

**1.      The Defendant should be permitted to introduce certain communications and out of court statements between her and Dr. Akers' patients.**

The government seeks to exclude all "out of court statements made by the Defendant or any other person if offered to prove the truth of the matter asserted." (United States' Omnibus Motion, page 2). Accordingly, the government has moved the court to exclude any "self-serving hearsay statements through any witness – whether the government's witness of his own witness – as doing so would allow the Defendants to introduce their own statements without being subject to cross-examination." *Id.*

Many of Defendant Stamper's statements should not be excluded for the arguments the government advances.

1

For example, the record is replete with electronic communications between Defendant Stamper and the various patients listed in the indictment. The Defendant communicated with these persons as part of her capacity as Dr. Akers' administrative assistant via Facebook messenger as well as e-mail and other forms of written and verbal communication. In many of these communications, the Defendant indicated that the patients would need to see another doctor at some point in the near future, or that Dr. Akers wished to transition them to another physician. Defendant Stamper also indicated that the patients would sometimes have to see Doctor Akers at the emergency room for treatment prior to the doctor being able to authorize a prescription.

The communications between Defendant Stamper and Dr. Akers' patients can be offered for non-hearsay purposes and are therefore admissible.

The primary non-hearsay purpose of the statements is that the statements are proof that Defendant Stamper was a mere administrative assistant and not a physician or medical professional. The communications can be offered as proof of Defendant Stamper's job duties and not to prove the truth of the matters asserted within the communications to the patients. FRE 801. The communications between Defendant Stamper and the patients offer substantive proof of the extent Defendant Stamper knew about practicing medicine and her job as an administrative assistant. The jury could very well find that someone participating as a messenger or staff for a doctor is not guilty of distributing Schedule II substance without a legitimate medical purpose and outside the scope of professional practice because they are not in control of any medical decisions and do not fully understand medical diagnoses or prescriptive treatments. The nature of the statements in the electronic and other communications are therefore relevant evidence

2

because it tends to make the fact of whether or not Defendant Stamper engaged in the conduct alleged less true. FRE 401.

Additionally, these statements made by Defendant Stamper to the various patients listed in the indictment should be allowed at trial over the government's objections because the statements can be offered for their effect on the recipients of the messages and not for the truth of the matters asserted in the statements. It is well settled that a "statement that is not offered to prove the truth of the matter asserted but to show its effect on the listener is not hearsay." *Biegas v. Quickway Carriers*, 573 F.3d 365, 379 (6th Cir. 2009) (citing *United States v. Horton*, 847 F.2d 213, 324 (6th Cir. 1988)). Here, that is precisely a use a for the emails and other electronic correspondences described above.

Defendant Stamper should be permitted to introduce these statements in order to demonstrate that the effect of these messages was that the patients listed in the indictment then at that time understood that they were to seek other medical help in the near future or see Doctor Akers in the emergency room. The statements prove the patients' knowledge that Defendant Stamper was actively attempting to have them seek other medical treatment or that the patients now knew it was best for them to see Dr. Akers in the emergency room. *See United States v. Boyd*, 640 F.3d 657, 664 (6th Cir. 2011) ("Statements offered to prove the listener's knowledge are not hearsay.").

Furthermore, these statements will elicit important information regarding how the patients responded to the communications and contemplated the future of their legitimate medical relationship with Dr. Akers. The above described communications are therefore admissible because they are statements which "show why a listener acted as" they "did." *United*

3

States v. Churn, 800 F.3d 768, 776 (6th Cir. 2015) (holding that the district court did not abuse its discretion when admitting an e-mail for the purpose of its effect on the recipient).

Even if the court determines the statements are hearsay, these statements should be admitted over the government's motion because the statements are not inadmissible hearsay. The Federal Rules of evidence permit the admission of hearsay statements when such statements are offered to prove a "Then-Existing Mental, Emotional, or Physical Condition." FRE 803(3). This is otherwise known as the declarant's state-of-mind exception.

First, many of the emails and other communications between Defendant Stamper and the patients explained that Defendant Stamper and Dr. Akers intended, at some point in the future, to stop seeing the patients, and that the patients would have to seek other medical treatment or further examination by Dr. Akers for their prescriptions. This category of emails is admissible because a "statement of *intent* to perform a future act is a state of mind exception to the hearsay rule." United States v. Williams, 704 F.2d 315, 322 (6th Cir. 1983) (citing FRE 803(3)) (emphasis in original).

Secondly, the Defendant takes exception to the notion that all of her out of court statements could be considered "self-serving" and therefore inadmissible merely because those statements may, in fact, be exculpatory in nature. These statements are not "self-serving" but for the fact that a jury could very well interpret them as proof against Defendant Stamper's alleged intent to distribute Schedule II substances without a legitimate medical purpose and outside the scope of professional practice and her alleged intent to conspire with Dr. Akers to do so.

FRE 803(3) allows the use of Defendant Stamper's communications to the patients listed in the indictment for purpose of showing the jury her true intent when communicating with the patients was merely to communicate on behalf of Dr. Akers and/or have the patients transition to

4

another doctor. *See Cincinnati Fluid Power, Inc. v. Rexnord, Inc.*, 797 F.2d 1386, 1395 (6th Cir. 1986) ("Rule 803(3) is properly utilized in cases where intent *per se* is at issue.").

Therefore, the Defendant's various communications via Facebook messenger, e-mail, text, or even verbal statements, which are offered for their effect on the patients in the indictment or as evidence of Defendant Stamper's intent and/or mental state should be admitted at trial if offered by the Defendant.

## 2. **Prior Good Acts**

Defendant Stamper addresses, briefly, the argument in the United States' omnibus motion *in limine* regarding prior good acts.

Whereas the Defendants would under most circumstances be excluded from admitting into evidence proof of prior good acts with regards to patients not listed in the indictment, the Defendants maintain the right to rebut the accusations against them with respect to the patients listed in the indictment by offering proof of legitimate medical practices for those patients.

## CONCLUSION

The United States cannot wholesale exclude all communications between Defendant Stamper and the patients seen by Dr. Akers. These communications have multiple non-hearsay uses, and many of the statements in the communications fall within the exception contained in FRE 803(3). Wherefore, the United States' motion *in limine* should be denied.

Respectfully Submitted,

/s/ Gerald DeRossett
Pillersdorf, DeRossett, & Lane
124 West Court Street
Prestonsburg, KY 41653
pillersn@bellsouth.net
Ph: 606-886-6090
Fax: 606-886-6148
*Attorney for Defendant Stamper*

5

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the above Response with the Clerk of the Court using the CM/ECF system, which will send notice to the electronic filing to counsel of record.

/s/ Gerald DeRossett
*Attorney for Defendant Stamper*